# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL S. GORBEY,            )
                              )
      Petitioner,         )
                              )
vs.                           )     Case No. CIV-14-163-HE
                              )
WARDEN, F.T.C. Oklahoma,      )
                              )
      Respondent.         )

## REPORT AND RECOMMENDATION

Petitioner was convicted in the District of Columbia Superior Court, and during his short stay at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma, he filed a petition for writ of habeas corpus seeking relief from that criminal conviction. Doc. 5. United States District Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Petitioner's latest filings indicate that he has been transferred to USP McCreary, a federal penitentiary in Pine Knot, Kentucky. Docs. 11, 12, 14, 15. The Federal Bureau of Prisons' inmate locator confirms that fact.[1] So, the undersigned recommends that the Court dismiss Petitioner's habeas petition as moot.

---

[1] The undersigned visited http://www.bop.gov/inmateloc/ and searched by Plaintiff's prison number – 33405-013.

I.   **Analysis.**

"It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). So, Petitioner's transfer to USP McCreary did not divest this Court of jurisdiction over the petition, nor did it destroy the Court's jurisdiction over the FTC Warden. But, once Petitioner was transferred, the FTC Warden became powerless to effect any relief this Court might order. *See Griffin v. Kastner*, 507 F. App'x 801, 802 (10th Cir. 2013) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)) (holding that because petitioner had been transferred from the FTC to another federal prison: "FTC warden Paul Kastner no longer has custody of Mr. Griffin and is therefore powerless to provide any relief the district court might order"). And because this Court lacks jurisdiction over Petitioner's Kentucky custodian, and thus has no way to enforce any "'effectual relief,'" Petitioner's habeas petition is moot. *Id.* (citing *Prier v. Steed*, 456 F.3d 1209, 1212-13 (10th Cir. 2006)).

II.  **Recommendation and notice of right to object.**

For the foregoing reasons, the undersigned finds that Petitioner's habeas petition is moot and the Court should dismiss it on that ground.

Adoption of this recommendation would moot Petitioner's pending motion for reconsideration, Doc. 10.

Petitioner is advised of his right to file an objection to this report and recommendation with the Clerk of this Court by May 7, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 17th day of April, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE