# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| MICHAEL S. GORBEY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. CIV-14-0163-HE |
| | ) | |
| WARDEN, F.T.C. Oklahoma, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Petitioner Michael S. Gorbey, a federal prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Suzanne Mitchell, who recommends that the action be dismissed as moot. As petitioner objected to the Report and Recommendation, the court has conducted a de novo review of the magistrate judge's determination.

After a careful review, the court agrees with the Report and Recommendation. Petitioner's objection reflects little meaningful discussion of the report. Instead, he dedicates a large portion of his submission to questioning the integrity of this court and demanding sanctions against Judge Mitchell for ordering him to provide a copy of the District of Columbia court's denial of his motion to recall the mandate—information necessary to determine whether petitioner has exhausted his available remedies.

The portion of petitioner's objection that does go to the substance of the Report and Recommendation is without merit. Petitioner argues that his transfer to USP McCreary, a federal penitentiary in Pine Knot, Kentucky, did not divest this court of jurisdiction. The Report and Recommendation states as much. *See* Santillanes v. U.S. Parole Comm'n,754

F.2d 887, 888 (10th Cir. 1985). The recommended dismissal is not based on lack of jurisdiction over this habeas action, but instead this court's inability to provide redress now that the respondent warden in this action no longer has custody of petitioner. *See* Griffin v. Kastner, 507 F. App'x 801, 802 (10th Cir. 2013).[1] Petitioner's argument that this court could still grant his requested relief via an order directed to the United States Attorney General is also without merit, as the Attorney General is not a defendant in this case, and would not be a proper defendant if he were. *See* Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.") With no relief possible, the petition is moot.

Accordingly, the Report and Recommendation [Doc. #16] is **ADOPTED**, and the petition [Doc. #1] is **DISMISSED**. Petitioner's motion for reconsideration [Doc. #11] is **STRICKEN** as moot.

**IT IS SO ORDERED**.

Dated this 5th day of June, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *"[Respondent warden] no longer has custody of [petitioner] and is therefore powerless to provide any relief the district court might order. [Petitioner] is currently detained . . . outside the "district of confinement" and therefore outside the scope of the district court's habeas jurisdiction . . .With no "effectual relief" possible, [the] petition is moot." Griffin v. Kastner, 507 F. App'x 801, 802 (10th Cir. 2013).*